# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MONICA RANDALL,  CASE NO.:

    Plaintiff,

v.

BAPTIST HEALTH SYSTEM, INC.,
a Florida Not For Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, MONICA RANDALL ("Ms. Randall" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from BAPTIST HEALTH SYSTEM, INC. ("BHS" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Duval County, Florida.

3. Defendant is a Florida not for profit corporation that is located in Jacksonville, Duval County, Florida, and does business in Duval County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Duval County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition or conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Plaintiff worked for Defendant, most recently as a Patient Financial Representative, from October 1, 2019, until her termination on May 14, 2022.

8. In January of 2022, Ms. Randall experienced symptoms of serious health conditions, specifically depression and anxiety.

9. On January 14, 2022, Ms. Randall's treating physician formally diagnosed Ms. Randall as suffering these serious health conditions.

10. Ms. Randall applied, and was approved for, a period of continuous FMLA leave in order to treat and address her conditions.

11. The period of approved leave ran from January 17, 2022, to April 10, 2022.

12. In late March of 2022, however, Ms. Randall's BHS Team Lead, Chanda Thomas, called Ms. Randall and harassed her and interfered with her during her period of approved FMLA leave, falsely claiming that Ms. Randall should already have returned to work and demanding to know when Ms. Randall would be back at work.

13. Ms. Randall calmly advised Ms. Thomas that her paperwork from BHS's third-party leave administrator, MetLife, stated that her FMLA extended to April 10, 2022.

14. Shortly thereafter, BHS Manager Brenda Lundi-Frazier called Ms. Randall and stated falsely that, according to BHS's Human Resources Department, Ms. Randall needed to return to work by April 8, 2022 to "avoid termination."

15. Ms. Randall informed Ms. Lundi-Frazier that she was scheduled for a biopsy surgery on April 8, 2022, during her period of approved FMLA leave, in order to have pre-cancerous cells removed, and that her return-to-work date from her approved FMLA leave of absence was April 11, 2022.

16. On April 11, 2022, Ms. Randall called BHS's Human Resources Department and spoke with an individual named Jessica.

17. Jessica told Ms. Randall that she needed to contact BHS's Employee Health Department in order to be released to return back to work.

18. Another BHS representative, Jennifer, in BHS's Employee Health Department, told Ms. Randall that BHS required Ms. Randall's treating therapist for her anxiety and depression to send paperwork clearing Ms. Randall to return to work.

19. Ms. Randall advised her treating therapist to do this, and it was done.

20. Nevertheless, BHS did not contact Ms. Randall to let her know that she was cleared to return to work.

21. On April 25, 2022, Ms. Randall called Jennifer in BHS's Employee Health Department again.

22. Jennifer claimed, falsely, that BHS had not received the release paperwork from Ms. Randall's treating therapist.

23. Ms. Randall nevertheless asked her treating therapist's office to re-send the release paperwork to BHS's Employee Health Department, and her treating therapist's office obliged.

24. Ms. Randall made repeated calls to BHS's Employee Health Department between April 25, 2022, and April 28, 2022, in order to make sure the documents had been received and that she would soon be cleared to return to work.

25. BHS ignored Ms. Randall.

26. On May 11, 2022, Ms. Randall attended an appointment with her treating therapist, who told Ms. Randall that she would reach out to BHS's Employee Health Department to see what the holdup was.

27. Ms. Randall still heard nothing back from BHS.

28. Ms. Randall followed up again on June 6, 2022, and June 7, 2022, but was again ignored, and no one at BHS returned her calls, despite her leaving messages requesting a call back.

29. Later that month, Ms. Randall learned that BHS had terminated her employment, effective May 14, 2022.

30. On July 1, 2022, Ms. Randall spoke with Jessica in BHS's Human Resources Department.

31. Jessica stated that BHS had terminated Ms. Randall for alleged "job abandonment."

32. This was untrue.

33. Ms. Randall did not abandon her job.

34. Instead, Ms. Randall made many efforts and exertions in order to preserve her job.

35. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Randall notifying BHS of her serious health conditions, and in retaliation for Ms. Randall utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

36. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

37. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

38. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

39. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone

demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

40. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

41. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

42. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

43. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-43, above.

45. At all times relevant hereto, Plaintiff was protected by the FMLA.

46. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

47. At all times relevant hereto, Defendant interfered with Plaintiff by harassing her during her period of continuous FMLA leave, by making false statements to her about the nature and duration of her leave during her period of continuous FMLA leave, by threatening her with termination unless she returned to work before the end of her period of approved continuous FMLA leave, by refusing to release Ms. Randall to return to work upon the end of Ms. Randall's period of continuous FMLA leave, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

48. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-43, above.

51. At all times relevant hereto, Plaintiff was protected by the FMLA.

52. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

53. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

54. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

55. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

56. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 6th day of February, 2023.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile:   (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*